[Civ. No. 5093.   Fourth Dist.   Feb. 16, 1956.]

BERTHA L. KEY, Respondent, v. JAMES A. KEY, Appellant.

John Martell for Appellant.

Martell Thompson for Respondent.

BARNARD, P. J.—This is an appeal from an interlocutory decree of divorce. The parties were married in 1941. Prior to the marriage the plaintiff owned a small house and lot, and another lot. In 1943, the parties acquired, as joint tenants, the premises involved in this action known as 9561 South Shaffer Street, Orange, California. This property was vacant and they paid $1,500 for it, only $300 being paid down. Thereafter, they built a small house on the premises, building first a "shell" and later improving it as they were able to do so. Old material was largely used and the parties did much of the work themselves. During this time the plaintiff sold the properties which she had owned before the marriage for $2,800 and part of the proceeds were used in paying for and improving the Shaffer Street property. Each of the parties worked outside and their earnings, and the monies received from the sale of the plaintiff's other properties, were put in a

joint account in the bank, and used in part in paying for and improving the Shaffer Street property.

Early in 1949 the plaintiff brought this action for divorce against the defendant. Thereafter, on March 15, 1949, while they were living separate and apart they entered into a property settlement agreement. This agreement recites that it is the desire of the parties to finally determine their property rights, and states that each party waives and releases as to and against the other all right to support, alimony, or suit money in any action that may then or later be pending, to any property or earnings possessed or acquired by the other, or to inherit from or make any claim in or under the estate of the other. It then provides that the defendant "grants, assigns and releases to the wife as her separate property" the real property here in question, together with the household furniture and certain separate property; and that the plaintiff "grants, assigns and releases to the husband as his separate property" certain enumerated personal property. The agreement then contains this paragraph:

"It is understood and agreed that this agreement is made by the husband and wife while living separate and apart and is executed in consideration of the mutual covenants herein contained and for the purpose of finally adjusting and settling all rights, present and future, including property rights or rights of the wife to support and maintenance and any other rights of whatsoever kind or nature arising out of the marital status of husband and wife irrespective of whether there may be a subsequent reconciliation, suit for separate maintenance or divorce. Specifically recognizing the possibility of a future reconciliation, the parties declare their intention to be that a reconciliation, either temporary or permanent, or a restoration of the former relations of said parties or a further separation, temporary or permanent, after any reconciliation, shall not render this agreement or any portion thereof invalid, inoperative, rescinded or revoked."

On the same day, March 15, 1949, the defendant executed a deed conveying the property here in question to the plaintiff "as her sole and separate property," which deed was recorded on March 16, 1949. Each of the parties was represented by an attorney when the property settlement agreement and this deed were executed. At some time therafter, the exact time not appearing in the record, the parties went back to live together. They continued to have difficulties and several

separations thereafter occurred. They finally separated on November 8, 1953, and on November 17, 1953, the plaintiff brought this action.

The complaint alleged, among other things, the execution of the property settlement agreement of March 15, 1949, and that the plaintiff is the owner of the property in question. The defendant in his answer denied that the plaintiff is the owner of this real property and alleged that on January 27, 1954, he gave notice to the plaintiff that he rescinded the property settlement and deed under which he had conveyed the property to the plaintiff. His prayer was that the plaintiff take nothing by reason of her complaint; that the property settlement agreement be rescinded and declared to be of no force and effect; that the deed conveying the real property to the plaintiff be declared null and void; and that this real property be declared to be the community property of the parties.

After a trial, the court found in all respects in favor of the plaintiff finding, among other things, that on March 15, 1949, the parties executed an agreement whereby they settled their respective property rights and interests in property; that the defendant granted and conveyed his interest in this real property to the plaintiff by a deed voluntarily made and delivered; that the plaintiff is the owner of this real property; that this real property is her separate property; and that the plaintiff is the owner of the household furniture and furnishings located on the premises in question. An interlocutory decree of divorce was entered adjudging and decreeing, among other things, that the plaintiff is the owner of this real property and of the household furniture. The defendant has appealed from that decree.

The appellant contends that as a consideration for his executing the agreement and deed of March 15, 1949, the respondent promised to live with him as his wife for a period of one year; that the respondent moved out before the expiration of the year; that he received no consideration for the deed; and that he later rescinded the agreement upon the ground of failure of consideration. It is further contended that the agreement of March 15, 1949, is neither a separation agreement nor a property settlement agreement; that it was made in contemplation of the parties living together as man and wife for the period of one year without assuming the obligations and responsibilities of marriage; that the consid-

eration for this agreement was illegal and contrary to good morals and public policy; and that it appears from the paragraph of the agreement which is above quoted that the whole agreement is null and void, and contrary to public policy. It is argued that this was not a property settlement agreement for the reason that it did not contemplate the parties assuming the relation of husband and wife, but merely living together as husband and wife for the period of one year, after which the wife was free to discontinue the relationship; and that the appellant's testimony that he conveyed his interest in the property to the respondent on her promise to live with him as his wife for one year was not denied by the respondent.

Insofar as it affects the title to this real property we find nothing in the quoted paragraph of the agreement of March 15, 1949, which sustains these contentions. The agreement itself was a settlement of their rights with respect to this property, and the property was conveyed to the respondent by a deed which was promptly recorded. The fact that the parties recognized the possibility of a future reconciliation and declared their intention that in the event of such a reconciliation this settlement of their property rights should remain in full force and effect did not make the contract illegal insofar as this property is concerned. Assuming that a reconciliation might create new marital obligations of support we find nothing in the record which would compel a conclusion that the conveyance was null and void as against public policy. The respondent's testimony was amply sufficient to refute appellant's testimony to the effect that the consideration for the agreement was the respondent's promise to live with him for one year. He testified that this promise was made in a conversation between them immediately before the contract was signed. She testified that no such conversation took place, and that she never told him that she would not go back to live with him unless he signed the property over to her. No more than a conflict appears, at best, and good reasons appear why the court did not accept all of appellant's testimony as true. The appellant's answer set forth no grounds for his notice of rescission of the agreement and conveyance, and the record supports the implied finding that the facts did not justify a rescission.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.